# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID MICHAEL COLESON, | ) |
| | ) |
| Plaintiff, | ) |
| v. | )   Case No. CIV-22-191-R |
| | ) |
| FEED THE CHILDREN, INC.; | ) |
| MIKE PANAS, an individual; and | ) |
| DIANE MOSS, an individual, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is the Partial Motion to Dismiss of Defendant Diane Moss and Brief in Support [Doc. No. 13]. The matter is fully briefed and ripe for decision. For the reasons below, the Court GRANTS the motion and DISMISSES Defendant Moss from Counts IV and V of the Complaint.

Plaintiff David Coleson, who formerly worked as a business intelligence analyst for Feed the Children, Inc. (FTC) [Doc. No. 1 at ¶ 8], alleges in his Complaint that after a prolonged period of work from home due to COVID-19, on March 29, 2021, Defendant Panas informed him he would soon be returning to the office. *Id.* ¶ 17. In 2016, doctors diagnosed Mr. Coleson with Acoustic Neuroma, a tumor in the auditory nerve. *Id.* ¶ 13. Plaintiff claims he did not object to returning to the office but informed Mr. Panas that, based on the results of a recent MRI, he would need thirty proton therapy treatments to treat his tumor, Monday through Friday, at 10:00 am for approximately twenty minutes per treatment. *Id.* ¶ 19. Plaintiff contends he informed his employer that he did not choose the

time slot and was willing to work through his lunch or work more hours to make up any lost productivity due to the treatments. *Id*. ¶¶ 19–20.

Mr. Coleson alleges that because Defendants were concerned about his ability to work during his proton therapy, on April 1, 2021, they asked him to fill out FMLA paperwork to accommodate his medical treatment. *Id*. ¶¶ 21–26. Mr. Coleson completed the forms, and Defendants granted his FMLA request. *Id*. ¶¶ 28–29. Six days later, Ms. Moss and Mr. Panas fired Plaintiff without cause. *Id*. ¶ 30. Plaintiff further claims that Defendants informed him that they outsourced his duties to Kenya but that he was the only employee allegedly affected by such outsourcing. *Id*. ¶ 31. However, Mr. Coleson contends the Kenya position did not match his work. *Id*. ¶¶ 36–37 Instead, it was much more closely akin to the duties of two other, younger employees whom Defendants did not terminate. *Id*.

Plaintiff alleges that Defendants illegally terminated him from his employment. *See generally* Doc. No. 1. He contends Defendants violated provisions of federal law, including 29 U.S.C. § 2801, *et seq.* Family Medical Leave Act (FMLA); 42 U.S.C. § 12101, *et seq.* Americans with Disabilities Act (ADA), and subsequent amendments (ADAAA), and 29 U.S.C. § 621, *et seq.* Age Discrimination in Employment Act (ADEA). *Id*. He further alleges two related state tort claims against the individual Defendants, Diane Moss and Mike Panas, for tortious interference with contractual relations and tortious interference with prospective economic advantage. Defendant Moss now moves the Court to dismiss the state law claims lodged against her. Doc. No. 13 at 1.

In considering a motion to dismiss under Rule 12(b)(6), the Court must determine whether a plaintiff has stated a claim upon which relief may be granted. The Court grants the Motion when the Complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Complaint must contain enough "facts to state a claim to relief that is plausible on its face" [*id*. at 570], and the factual allegations "must be enough to raise a right to relief above the speculative level." *Id*. at 555 (citations omitted). The Court must accept all the well-pled allegations of the Complaint as true and must construe the allegations in the light most favorable to Plaintiff. *Id*.; *Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). However, the Court does not accept those allegations that are conclusory. *Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs*, 263 F.3d 1151, 1154–55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

Defendant Moss argues that Mr. Coleson's allegations against her are conclusory and that tortious interference with contractual/business relations and prospective economic advantage claims cannot be sustained against the agents of an employer when the alleged interference revolves around an employment relationship. Doc. No. 13 at 4–8. Plaintiff counters that he has pled the necessary facts to state plausible state tort claims and that agents may be held liable for tortious interference if the employee acted in bad faith and contrary to her employer's interests in tampering with another employee's employment. Doc. No. 16 at 6–12. Although Mr. Coleson is correct that under certain circumstances, an

agent may be held liable for tortious interference with contract and prospective economic advantage for interfering with another employee's contract [*see Martin v. Johnson*, 975 P.2d 889, 896–97 (Okla. 1998)], those circumstances are not present in this case. Accordingly, the Court agrees with the Defendants.

To successfully plead the state tort claims of tortious interference with contractual/business relations, a plaintiff must plausibly allege: "1) interference with a business or contractual right; 2) malicious and wrongful interference that is neither justified, privileged, nor excusable; and 3) damages proximately sustained." *Tuffy's, Inc. v. City of Oklahoma City*, 212 P.3d 1158, 1165 (Okla. 2009). Tortious interference with economic advantage is a closely related claim whose elements are:

> the existence of a valid business relation or expectancy, knowledge of the relationship or expectancy on the part of the interferer, an intentional interference inducing or causing a breach or termination of the relationship or expectancy, and resultant damage to the party whose relationship has been disrupted.

*Boyle Servs., Inc. v. Dewberry Design Grp., Inc.*, 24 P.3d 878, 880 (Okla. Civ. App. 2001) (citation and quotation marks omitted). Additionally, the alleged interference, like intentional interference with contract, must be "unlawful," meaning, "[i]f there is no component of unlawfulness in either the objective of the [interference] or in the means by which the purpose or objective is to be accomplished, there can be no actionable tort of interference with advantageous relations." *Gaylord Entertainment Co. v. Thompson*, 958 P.2d 128, 150 (Okla. 1998).

The guiding Oklahoma authority in employment-related tortious interference of contract and economic advantage claims is *Martin v. Johnson*, 975 P.2d 889, 896–97 (Okla.

4

1998). In *Martin,* the Oklahoma Supreme Court adopted the reasoning of the Tenth Circuit in *Mason v. Oklahoma Turnpike Auth.*, 115 F.3d 1442 (10th Cir. 1997). The Oklahoma Supreme Court summed up the opinion in *Mason*:

> The Tenth Circuit thus concluded that in Oklahoma for a corporate officer's interference with a corporation's contract to be privileged as to that officer it must have been done in good faith . . .
>
> It is fundamental that an employee or agent must act in good faith and in the interest of the employer or principal. *Butcher v. McGinn*, 706 P.2d 878, 882 (Okla. 1985). If an employee acts in bad faith and contrary to the interests of the employer in tampering with a third party's contract with the employer we can divine no reason that the employee should be exempt from a tort claim for interference with contract.

*Martin*, 975 P.2d at 896–97.[1] *Martin* cited several cases from other jurisdictions which agreed with the Oklahoma Supreme Court. *See Id*. at 897 n.8. Among those cases, several emphasize that for liability to exist in an intentional interference of employment claim, the agent must have acted in his or her own personal interest rather than the interests of his or her employer. *Id*. Specifically, *Martin* cited:

> *Murray v. St. Michael's College*, 667 A.2d 294 (Vt. 1995), (the tort is applicable in limited situations against other employees or officers of the plaintiff's employer, the key factor being whether the defendants were acting outside the scope of their employment to further their own interests) . . . *Murray v. Bridgeport Hosp.*, 480 A.2d 610 (Conn. Supp. 1984), (although an agent acting legitimately within the scope of agent's authority cannot be held liable for interfering with or inducing principal to breach a contract

---

[1] In 2011, the Oklahoma State Legislature amended the Oklahoma Anti-Discrimination Act (OADA) to preempt Oklahoma common law employment torts based on discriminatory behavior. The law, in the relevant part, states the OADA "provides for exclusive remedies within the state of the policies for individuals alleging discrimination in employment on the basis of . . . age [or] disability." 25 O.S. § 1101. Interpreting this provision, the Tenth Circuit found that the OADA preempts separately actionable tort claims—like those made for tortious interference—predicated on the same facts as discrimination claims covered under the OADA. *Jones v. Needham*, 856 F.3d 1284, 1292 (10th Cir. 2017). But the Circuit also highlighted an exception to this rule: the OADA does not preempt separately actionable tort claims based on the same facts as discrimination claims covered under the OADA where the legal theories underpinning the tort and discrimination claims are sufficiently distinct. *Id*. Consequently, to the extent Plaintiff relies on his claims of age and disability discrimination as the factual basis for his intentional interference with contract and prospective economic advantage causes of action, they are preempted and barred by the OADA.

between principal and a third party, an agent can be held liable for such interference or inducement if agent did not act legitimately within the agent's scope of duty but used the corporate power improperly for personal gain); *Holloway v. Skinner*, 898 S.W.2d 793 (Tex. 1995), (on an interference with contract claim a plaintiff must show that the officer of a corporation defendant acted in a fashion so contrary to the corporation's best interests that the officer's actions could only have been motivated by personal interests).

*Id*. at 897 n.8.

In interpreting *Martin*, Judge Friot of this District found

> [t]his discussion in *Martin* makes clear that for the exception to the general rule to apply with the result that the tortious interference claim alleged in this action survives, the agent accused of tortious interference must have acted against the interest of the principle [sic] and in furtherance of the agent's own, personal interest. Moreover, to show that the agent was acting in his own interests requires more than a showing of bad faith; plaintiff must show that the agent was acting contrary to the business interest of his employer and in furtherance of the agent's own, personal interests.

*See Grillot v. Okla. ex rel. Univ. of Okla. Bd. of Regents*, No. CIV-19-241-F, 2019 WL 3558183, at *9-10 (W.D. Okla. Aug. 5, 2019) (citing *Graham v. Cargill, Inc.*, No. CIV-10-977-HE, 2011WL 5429316, *11–12 (W.D. Okla. Nov. 9, 2011) (holding that for supervisory liability in tortious interference with employment claims, a plaintiff must demonstrate both bad faith actions and that those actions were to his supervisor's own interests in some fashion); also citing *Taverna v. First Wave, Inc.*, No. 10-CV-129, 2010 WL 4930583 (N.D. Okla. Nov. 30, 2010) ("plaintiff must show that [defendants] were acting contrary to the interests of First Wave and in furtherance of their own personal interests." (citation omitted))). Having examined the *Martin* decision and Judge Friot's reasoning, the Court concludes that Defendant Moss must have acted in furtherance of her

6

own interests to be held liable for tortious interference with contract or prospective economic gain in Oklahoma.

In this case, Mr. Coleson fails to allege that Ms. Moss acted in her own interest against the interests of FTC. There are simply no facts alleged that Ms. Moss gained, or attempted to gain, anything personally from participating in Plaintiff's termination. Without plausible factual allegations that Ms. Moss acted against FTC's interests in favor of her own, Mr. Coleson has failed to state a claim against Defendant Moss under Oklahoma common law for tortious interference. Accordingly, the Court dismisses the tortious interference claims against Ms. Moss for failure to state a claim pursuant to Rule 12(b)(6).

For the reasons above, the Court GRANTS the Partial Motion to Dismiss of Defendant Diane Moss [Doc. No. 13] and DISMISSES the state law claims, Counts IV and V as alleged against Defendant Moss.

IT IS SO ORDERED this 8th day of July 2022.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE